PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| JASON P. BALLIS, | ) | |
|---|---|---|
| | ) | CASE NO. 5:17CV403 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| NANCY A. BERRYHILL, ACTING COMMISSIONER OF SOCIAL SECURITY, | ) ) ) | |
| | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Defendant. | ) | **ORDER** |

An Administrative Law Judge ("ALJ") denied Plaintiff Jason Ballis's claim for Disability Insurance Benefits ("DIB") after a hearing. That decision became the final determination of the Commissioner of Social Security when the Appeals Council denied the request to review the ALJ's decision. Plaintiff sought judicial review of the Commissioner's decision, and the Court referred the case to Magistrate Judge George J. Limbert for preparation of a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.2(b)(1). After both parties filed briefs, the magistrate judge submitted a report (ECF No. 18) recommending that the decision of the Commissioner be affirmed. Plaintiff filed Objections to the Report and Recommendation. ECF No. 19. Defendant filed a Response. ECF No. 20. For the reasons that follow, the Court overrules Plaintiff's Objections and adopts the magistrate judge's Report and Recommendation.

(5:17CV403)

I.

When a magistrate judge submits a Report and Recommendation, the Court is required to conduct a *de novo* review of the portions of the Report and Recommendation to which an appropriate objection has been made. 28 U.S.C. § 636(b). Objections must be specific, not general, in order to focus the court's attention upon contentious issues. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). The primary issue then becomes whether substantial evidence supports the Commissioner's decision. The Court's review of the Commissioner's decision is limited to determining whether substantial evidence, viewing the record as a whole, supports the findings of the ALJ. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978); *Bartyzel v. Commr of Soc. Sec.*, 74 F. App'x 515, 522–23 (6th Cir. 2003). Substantial evidence is more than a mere scintilla of evidence, but less than a preponderance. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Besaw v. Sec'y of Health and Human Servs.*, 966 F.2d 1028, 1030 (6th Cir. 1992) (per curiam).

If substantial evidence supports the Commissioner's decision, a reviewing court must affirm the decision even if it would decide the matter differently. *Cutlip v. Secretary of Health and Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citing *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983) (per curiam)). Moreover, the decision must be affirmed even if substantial evidence would also support the opposite conclusion. *Mullen v. Bowen*, 800 F.2d

(5:17CV403)

535, 545 (6th Cir. 1986) (en banc). This "standard allows considerable latitude to administrative decision makers. It presupposes that there is a zone of choice within which the decision[-]makers can decide either way, without interference by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." *Id.* (quoting *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984)). In determining, however, whether substantial evidence supports the ALJ's findings in the instant matter, the court must examine the record as a whole and take into account what fairly detracts from its weight. *Wyatt v. Sec'y of Health and Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992). The court must also consider whether the Commissioner employed the proper legal standards. *Queen City Home Health Care Co. v. Sullivan*, 978 F.2d 236, 243 (6th Cir. 1992).

To establish disability under the Social Security Act, a claimant must show that he is unable to engage in substantial activity due to the existence of "a medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months." *See* 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The claimant's impairment must prevent him from doing his previous work, as well as any other work existing in significant numbers in the national economy. 42 U.S.C. § 423(d)(2)(A).

In order for the Commissioner to find that a claimant suffers from a disability for which he should receive benefits, the claimant must be unable to engage in any substantial gainful activity due to the existence of a "medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous

3

(5:17CV403)

period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). Under 42 U.S.C. § 1381, disabled individuals who meet certain income and resources requirements are entitled to SSI benefits. 20 C.F.R. §§ 416.1100 and 416.1201.

**II**.

Plaintiff raises two objections to the magistrate judge's Report. First, Plaintiff objects to the magistrate judge's finding that Plaintiff has not shown evidence to support the conclusion that he meets all the criteria of Listing 1.04A. *See* ECF Nos. 19 at PageID#: 943—45; 18 at PageID#: 938—39. Second, Plaintiff objects to the magistrate judge's recommendation that the Court find that the ALJ did not err by not explicitly stating the level of weight assigned to the opinions of Plaintiff's treating physician, Dr. Neely. *See* ECF Nos. 19 at PageID#: 941—42; 18 at PageID#: 936 n.3. Defendant opposes the objections on grounds that Plaintiff has failed to raise any issues in his objections that were not adequately addressed by the Commissioner's decision that is supported by substantial evidence in the record. ECF No. 20. The Court reviews Plaintiff's objections *de novo*.

**A. Listing 1.04**

The magistrate judge recommends that the Court find that, the ALJ's determination that Plaintiff's "back impairment did not meet or medically equal the requirements of Listing 1.04A" is supported by substantial evidence because "Plaintiff failed to cite evidence supporting the conclusion that he meets all the criteria of Listing 1.04A, namely, evidence showing atrophy with associated muscle weakness or muscle weakness that is supported by circumferential measurements." ECF No. 18 at PageID#: 937—39. The magistrate judge also found that, the

4

(5:17CV403)

ALJ, in determining whether Plaintiff met the requirements of Listing 1.04A, "was not required to explicitly spell out every consideration that went into his determination regarding the applicability of Listing 1.04A." *Id.* at PageID#: 938—39.

Plaintiff raises two arguments in his first objection to the magistrate judge's recommendation. For purposes of efficiency, the Court addresses Plaintiff's latter argument first.

### 1. Plaintiff's First Argument

Plaintiff contends that because the ALJ's discussion of Listing 1.04A—at Step Three of the five-step sequential analysis—was brief, it was not supported by substantial evidence in the record. ECF No. 19 at PageID#: 943. Plaintiff is mistaken.

In order to determine whether a claimant is disabled, an ALJ must evaluate the claimant's impairments and ability to work using a five-step analysis laid out in the federal regulations. 20 C.F.R. §§ 404.1520(a), 416.920(a) (1992). At the third step of the disability evaluation process, a claimant must present evidence to establish that his impairment meets or is medically equal to a listed impairment under 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). An ALJ must compare the claimant's medical evidence with the requirements of listed impairments when considering whether the claimant's impairment or combination of impairments is equivalent in severity to any listed impairment. *Reynolds v. Comm'r of Soc. Sec.*, 424 F. App'x 411, 414 (6th Cir. 2011) (citing 20 C.F.R. §§ 404.1520(a)(4)(iii) and 416.920(a)(4)(iii)).

In the instant case, the ALJ found that Plaintiff suffered from severe impairments. *See* ECF No. 12 at PageID#: 85. The ALJ then explained that "[u]nder the listing of impairments in

5

(5:17CV403)

Appendix 1, Subpart P, Regulations Part 404, there are no indicated findings by treating or examining physicians that satisfy the requirements of any listed impairment." *Id.* The ALJ continued with: "[a]ll of the listings were considered in reaching this finding with specific emphasis on listings 1.04. Therefore, I do not find that the claimant has an impairment or combination of impairments that meet or medically equal one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." *Id.* The ALJ went on to analyze Plaintiff's mental impairments in detail under Listing 12.04. *Id.* at PageID#: 85—86.

The Sixth Circuit has clearly ruled that the governing regulations "do[ ] not state that the ALJ must articulate, at length, the analysis of the medical equivalency issue," and there is no heightened articulation standard at Step Three when the ALJ's findings are supported by substantial evidence." *Todd v. Astrue*, 2012 WL 2576435 (N.D. Ohio May 15, 2012). (citing *Bledsoe v. Barnhart*, 165 F. App'x 408, 411 (6th Cir. 2006)). *See also Forrest v. Comm'r of Soc. Sec.*, 591 F. App'x 359, 364–66 (6th Cir. 2014) (affirming the district court's determination that because the ALJ made sufficient factual findings elsewhere in his decision, his conclusion at step three was supported by substantial evidence); *Malone v. Comm'r of Soc. Sec.*, 507 F. App'x 470, 472 (6th Cir. 2012) (per curiam) (rejecting argument that ALJ erred by not making specific findings at step three when the ALJ's conclusion was supported by substantial evidence in the record). In reviewing the ALJ's decision, the Court concludes that the ALJ's finding that Plaintiff's back impairment did not meet or medically equal the requirements of Listing 1.04A is supported by substantial evidence.

6

(5:17CV403)

In making this determination, the ALJ, among other things, observed that on July 21, 2014, Plaintiff's flexion and x-rays revealed no instabilities, and that the CT scan of his spine showed good alignment and spacing. ECF No. 12 at PageID#: 89. The ALJ also considered evidence showing that on August 24, 2015, Plaintiff told Dr. Neely that medication controlled his chronic back pain. *See id.* at PageID#: 90. The ALJ further noted that, despite the limitations assessed by Dr. Neely, Plaintiff was working. *Id*. Other observations the ALJ made in support of her Step Three determination, include, but are not limited to, more recent findings that: (1) on February 15, 2016, Plaintiff reported "he was in the process of moving and was walking," and an "[e]xamination of his back was normal and range of motion to his upper and lower extremities was normal. His gait was steady;" (2) on February 23, 2016, Plaintiff reported to Dr. Neely that his medication was helping with this pain; and (3) Plaintiff was able to start a new job after May 16, 2016. *Id.* at PageID#: 90—91.

When the ALJ's decision is considered as a whole, as must be, it is clear that the ALJ's conclusion at Step Three of sequential analysis was made in accordance with appropriate legal standards and supported by substantial evidence. Therefore, the magistrate judge correctly found that the ALJ's decision determining that Plaintiff did not meet Listing 1.04A is supported by substantial evidence.

### 2. Plaintiff's Second Argument

Next, Plaintiff contends that the magistrate judge mistakenly conflated the two ways of demonstrating motor loss, and, in doing so, the magistrate judge erroneously found that evidence of atrophy with circumferential measurements is required in all cases to meet Listing 1.04A.

7

(5:17CV403)

ECF No. 19 at PageID#: 943. Specifically, Plaintiff argues that because he "does not rely on atrophy with associated muscle weakness to demonstrate that his back impairment caused motor loss," the requirement under "[t]he introductory paragraph of Listing section 1.00 explain[ing] that a report of atrophy must be accompanied by circumferential measurements" does not apply in the instant case. *Id.* (alterations added). *See* 20 C.F.R. Part 404, Subpart P, Appendix 1, § 1.00E(1).

Because the Court has concluded that the ALJ's finding—that Plaintiff's back impairment did not meet or medically equal the requirements of Listing 1.04A—is supported by substantial evidence, the Court need not further discuss the issue of whether the "circumferential measurement" requirement, under Listing § 1.00E(1), also applies to evidence of motor loss— strictly in the form of muscle weakness.

Accordingly, Plaintiff's objection on this ground is overruled.

**B.  Dr. Neely's Opinion**

The magistrate judge recommends that the Court find that the ALJ did not err, in her decision, by not explicitly stating the level of weight she assigned to Dr. Neely's opinions because "when read as whole, it is apparent from the decision that the ALJ assigned less than controlling weight to these opinions."[1]  ECF No. 18 at PageID#: 936 n. 3.  Plaintiff argues that

---

[1]  In his report and recommendation, the magistrate judge notes: "While it does appear that the ALJ conflated the opinions of Dr. Neely issued on November 8, 2014, and December 6, 2014, a review of the decision shows that the ALJ considered the limitations addressed in both opinions." ECF No. 18 at PageID#: 935. Furthermore, Plaintiff's Objection refers to these opinions as the "December 6, 2014" opinion. *See* ECF No. 19 at PageID#: 941—42.  Therefore, for purposes of this Memorandum of Opinion and Order,
(continued...)

8

(5:17CV403)

the magistrate judge's conclusion that the ALJ was not required to assign a specific weight to these opinions runs contrary to legal authority. ECF No. 19 at PageID#: 942. Plaintiff's argument is unavailing.

> The Sixth Circuit has explained that:
>
> Under the treating physician rule, the ALJ must give controlling weight to a treating source's opinion if that opinion "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record." 20 C.F.R. § 404.1527(c)(2). If the ALJ declines to give the treating source's opinion controlling weight, the ALJ must apply the following factors in determining what weight to give the opinion: "the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and the specialization of the treating source." *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir.2004) (citing 20 C.F.R. § 404.1527(c)(2)). The agency's regulation mandates: "We will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion." 20 C.F.R. § 404.1527(c)(2). Those "good reasons" must be "supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." Policy Interpretation Ruling, Titles II and XVI: Giving Controlling Weight to Treating Source Medical Opinions, SSR 96–2, p, 1996 WL 374188, at *5 (July 2, 1996). We will reverse and remand "where the ALJ fails to give good reasons on the record for according less than controlling weight to treating sources." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 409 (6th Cir.2009).

*Rife v. Comm'r of Soc. Sec.*, 485 F. App'x 56, 58 (6th Cir. June 13, 2012).

Plaintiff contends that the ALJ failed to assign a specific weight to Dr. Neely's December 6, 2014 opinion. ECF No. 19 at PageID#: 941—42. Based on the record, it is pretty clear, however, that the ALJ did just that. Plaintiff fails to acknowledge the ALJ's

---

[1](...continued)
Dr. Neely's opinions shall be referred to as the "December 6, 2014 opinion."

(5:17CV403)

explanation that "controlling weight may not be given to a treating source's medical opinion without well-supported medically acceptable clinical and laboratory diagnostic techniques." ECF No. 12 at PageID#: 91. Consistent with this statement, the ALJ further explained:

> Dr. Neely completed a pain questionnaire on December 6, 2014, in which he opined [Plaintiff] could work 4 hours per day and would be absent three times per months. [sic] However, he did not support his conclusion with evidence that [Plaintiff] could only work 4 hours. While [Plaintiff] reported losing jobs due to his back, the work he performed was often preclusive to his limitations, which Dr. Neely did not consider.

*Id.* at PageID#: 92.

On a fair reading of the record, it is evident that the ALJ assigned less than controlling weight to Dr. Neely's December 6, 2014 opinion. Also, in accordance with the ALJ's obligations under SSR 96-2, p, the ALJ's reasons for assigning less than controlling weight to Dr. Neely's opinions were properly "supported by the evidence in the record" and, were "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Rife*, 485 F. App'x at 58 (vacating and remanding the case because the ALJ failed to provide her own evaluations of the treating physician's opinion, and, indicate what weight, if any, the ALJ ascribed to the treating physician's opinion or reasons for disregarding the opinion).

Therefore, the Court finds that, it is clear from the record that the ALJ assigned less than controlling weight to Dr. Neely's opinion. The Court also agrees with the magistrate judge's finding that "[r]emand for the ALJ to explicitly state that these

(5:17CV403)

opinions were discounted is not necessary as the ALJ's decision makes clear that the opinions were discounted since they were not supported by the evidence of record." ECF No. 18 at PageID#: 936 n.3.

Accordingly, Plaintiff's objection on this ground is also overruled.

## III.

For the reasons discussed above, Plaintiff's Objection (ECF No. 19) is overruled. The Report and Recommendation (ECF No. 18) is adopted. The decision of the Commissioner is affirmed.

IT IS SO ORDERED.

 March 29, 2018  /s/ *Benita Y. Pearson*
Date Benita Y. Pearson
United States District Judge